UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

MARC S. KIRSCHNER, as Trustee of the Refco
Litigation Trust,

                        Plaintiff,

      -v-

KPMG LLP,

                        Defendant.

------------------------------------------------------------x

08 Civ. 8784 (GEL)

**OPINION AND ORDER**

Richard I. Werder, Jr., Sascha N. Rand, John H. Chun, Quinn Emanuel Urquhart Oliver & Hedges LLP, New York, NY, for plaintiff.

Kevin A. Burke, Gary F. Bendinger, Kostas D. Katsiris, Howrey LLP, New York, NY, for defendant KPMG LLP.

GERARD E. LYNCH, District Judge:

      Plaintiff Marc S. Kirschner, in his capacity as Trustee of the Refco Litigation Trust ("Trustee" or "Litigation Trustee"), brings this suit against KPMG LLP ("KPMG") on behalf of Refco Inc. and certain of its direct and indirect subsidiaries (collectively "Refco").[1] The Trustee originally filed this action in the Superior Court of the Commonwealth of Massachusetts, asserting claims for aiding and abetting breach of fiduciary duty, malpractice, and violations of the Massachusetts unfair trade practices statute, Mass. Gen. Laws ch. 93A, § 11. KPMG

---

[1] On December 15, 2006, approximately fourteen months after Refco filed for bankruptcy, the United States Bankruptcy Court for the Southern District of New York confirmed the Modified Joint Chapter 11 Plan of Refco Inc. and Certain of its Direct and Indirect Subsidiaries (the "Plan"). (Compl. ¶ 12.) Under the Plan, the Litigation Trustee is the duly authorized representative to commence all claims and causes of action formerly owned by the Refco debtors. (Id.)

removed the case to the United States District Court for Massachusetts and the Panel on Multidistrict Litigation subsequently transferred it to this Court. KPMG now moves to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). The motion will be granted.

The threshold question for the aiding and abetting breach of fiduciary duty and malpractice claims is whether the Litigation Trustee, standing in the shoes of Refco, has standing to bring suit to recover for damages arising from a fraudulent scheme devised and carried out by Refco's own senior management. See Shearson Lehman Hutton v. Wagoner, 944 F.2d 114, 118 (2d Cir. 1991).[2] Because the Trustee has not alleged that the managers' conduct was "totally adverse" to Refco and a trustee cannot sue to recover for a wrong undertaken by the debtor itself, id. at 120, these claims are dismissed for the same reasons that the Trustee's complaint was dismissed, in a separate opinion and order issued today, in Kirschner v. Grant Thornton, LLP, No. 07 Civ. 11604, 2009 WL _____ (S.D.N.Y. Apr. 14, 2009). "A claim against a third party for defrauding a corporation with the cooperation of management accrues *to [the] creditors*, not to the guilty corporation." Wagoner, 944 F.2d at 120 (emphasis added).

The Trustee's claim under Mass. Gen. Laws ch. 93A, § 11, must also be dismissed. Even in the unlikely event that the Trustee is correct that the alleged violation arose "primarily and substantially" in Massachusetts[3] – a determination that may be unsuitable for resolution on a

---

[2] Wagoner is an application of the substantive law of New York. In re Parmalat, 383 F. Supp. 2d 587, 595 (S.D.N.Y. 2005); see also Wight v. BankAmerica Corp., 219 F.3d 79, 86 (2nd Cir. 2000). Although the Complaint was originally filed in Massachusetts state court, the parties now either expressly assert that New York law governs, or cite to and rely on New York law. This implied consent to the application of New York law is sufficient to establish choice of law. Golden Pacific Bancorp v. FDIC, 273 F.3d 509, 514 n.4 (2d Cir. 2001), citing Krumme v. WestPoint Stevens Inc., 238 F.3d 133, 138 (2d Cir. 2000).

[3] Although the Court need not reach the issue, given the Trustee's argument that New York law otherwise applies to this action, his contention that Massachusetts law applies *only* to

motion to dismiss,[4] the doctrine of *in pari delicto* bars this claim by the Litigation Trustee for precisely the same reasons that Wagoner bars the Trustee's other claims. See Baena v. KPMG LLP, 453 F.3d 1, 8 (1st Cir. 2006) (on a motion to dismiss applying *in pari delicto* to a claim under § 11 and finding that "[t]here are no facts in dispute that would warrant application of the adverse interest exception to bar imputation; the trustee's allegations . . . counsel just the opposite").

Accordingly, the Litigation Trustee's complaint against KPMG is dismissed in its entirety.[5] As in Kirschner v. Grant Thornton, this conclusion is the inevitable product of the Trustee's own complaint, which documents in detail how Refco participated in, and how it benefitted from, the very fraudulent acts on which the Trustee seeks to sue. Leave to replead is therefore denied, and the complaint is dismissed with prejudice.

As this ruling disposes of all claims against KPMG and there is no just reason for delay, the Clerk is directed, pursuant to Fed. R. Civ. P. 54(b), to enter final judgment and close the case.

---

this claim is difficult to take seriously.

[4] The Massachusetts Supreme Judicial Court has stated that whether a claim arises "primarily and substantially within the Commonwealth" should be determined "*after making findings of fact*, and after considering those findings in the context of the entire [93A] claim." Kuwaiti Danish Computer Co. v. Digital Equip. Corp., 438 Mass. 459, 470-75 (2003). This statement has led lower district courts to wonder whether 93A claims can no longer be resolved on a motion to dismiss. See Workgroup Tech. Corp. v. MGM Grand Hotel, LLC, 246 F. Supp. 2d 102, 117 (D. Mass. 2003) (finding that "a motion to dismiss is no longer an appropriate vehicle for raising the issue").

[5] Both the Trustee and KPMG acknowledge that the arguments made about standing and *in pari delicto* in In re Refco "apply equally to the claims asserted [here]." (KPMG at 24; see also Pl. Opp. at 25.)

SO ORDERED:

Dated: New York, New York
April 14, 2009

GERARD E. LYNCH
United States District Judge